920 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby Joe FAUGHN, Petitioner-Appellant,
v.
Wallace WILKINSON, et al. Respondents-Appellees.
 No. 90-5797.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1990.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Bobby Joe Faughn, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his petition, Faughn alleged that the respondents violated the Uniform Extradition Act in having him extradited from Kansas to Kentucky. The district court denied Faughn's petition and dismissed the case for failing to exhaust state court remedies. Faughn has filed a timely appeal.
 
 
 3
 Upon review, we affirm for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 Judicial review under the Uniform Criminal Extradition Act is strictly limited to determining: (1) whether the extradition documents are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the named person; and (4) whether the petitioner is a fugitive. California v. Superior Court of California, 482 U.S. 400, 408 (1987). A review of the record reveals that all of these elements were met in Faughn's extradition proceedings.
 
 
 5
 Further, Faughn's reliance on 18 U.S.C. Sec. 3182 and Sec. 4162 is without merit. It is unclear from Faughn's pleadings how the defendants allegedly violated Sec. 3182. A review of the statute reveals no violations by the respondents. As to 18 U.S.C. Sec. 4162, that statute was repealed in 1984, well before the extradition proceedings against Faughn were commenced.
 
 
 6
 Accordingly, we affirm the judgment of dismissal for these reasons. Rule 9(b)(5), Rules of the Sixth Circuit.